## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### No. 04-22901-CIV-HIGHSMITH/SIMONTON

|  |  |
|---|---|
| C&M OIL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITGO PETROLEUM | ) |
| CORPORATION, SUNSHINE | ) |
| GASOLINE DISTRIBUTORS, INC. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Order dated October 18, 2006 (DE # 451), defendants CITGO

Petroleum Corporation ("CITGO") and Sunshine Gasoline Distributors, Inc. ("Sunshine") hereby

submit their Proposed Jury Instructions.

## GENERAL INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this

case.

When I have finished you will go to the jury room and begin your discussions - - what we

call your deliberations.

GENERAL INSTRUCTION NO. 1

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that the parties are corporations must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Granted          _____

Denied           _____

Modified         _____

GENERAL INSTRUCTION NO. 2

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Granted          _____

Denied           _____

Modified        _____

GENERAL INSTRUCTION NO. 3

**Impeachment of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Granted        _____

Denied         _____

Modified       _____

5

GENERAL INSTRUCTION NO. 4

**Expert Witnesses**
**General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Granted          _____

Denied           _____

Modified         _____

GENERAL INSTRUCTION NO. 5

**Burden of Proof**
**When There Are Multiple Claims Or**
**When Both Plaintiff And Defendant Or**
**Third Parties Have Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Granted         _____

Denied          _____

Modified        _____

## SPECIFIC INSTRUCTIONS

Defendant CITGO INSTRUCTION NO. 1

### (Elements of Robinson-Patman Act Section 2(a) Violation)

Plaintiff C&M Oil Company has alleged that defendant CITGO has violated the Robinson-Patman Act by selling gasoline to defendant Sunshine at prices that were lower than those charged by CITGO to C&M. In order to prove a violation of the Robinson-Patman Act, C&M must prove each of the following three propositions by a preponderance of the evidence. *First,* C&M must prove that CITGO has discriminated in price between C&M and Sunshine, and *second* that there is a reasonable possibility that the discrimination may substantially lessen competition or tend to create a monopoly in any line of commerce, or injure, destroy, or prevent competition with Sunshine; and *third*, that Sunshine knowingly received the benefits of the price discrimination. If you find that the evidence is insufficient to prove any one or more of these elements, then you must find for defendant CITGO and against C&M on C&M's Robinson-Patman Act claim.

15 U.S.C. § 13(a)

ABA Model Jury Instructions in Civil Antitrust Cases E-2 and E-4 (2005)

Granted          _____

Denied           _____

Modified         _____

Defendant CITGO INSTRUCTION NO. 2

**(Price Discrimination)**

You may find that CITGO discriminated in price between C&M and Sunshine if you find that C&M has proven by a preponderance of the evidence that CITGO charged different prices to C&M and Sunshine for sales of gasoline at the same time. In determining whether the prices that CITGO charged to C&M and to Sunshine were different, you must consider all factors that affected the prices that each paid, such as discounts, rebates or allowances that were available to each, or other terms and conditions that affect the price actually paid. For example, if CITGO charged C&M $1 for a gallon of gasoline and made available to C&M a rebate of 5 cents for that gallon, the price to C&M would be 95 cents. If you find that CITGO has charged C&M and Sunshine different net prices, then you must find that C&M has established the element that CITGO has discriminated in price. If you find that the net prices paid by C&M and Sunshine were the same, then you must find for CITGO and against C&M on C&M's claim under Section 2(a) of the Robinson-Patman Act.

*Texaco, Inc. v. Hasbrouck*, 496 U.S. 543, 558 (1990) (price discrimination is a price difference)

*Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643, 648 (1980)  (discounts are part of the price for antitrust purposes)

ABA Model Jury Instructions in Civil Antitrust Cases E-14 (2005)

Granted        _____

Denied         _____

Modified       _____

DEFENDANTS' INSTRUCTION NO. 1

**(Functional Availability of Rebates)**

CITGO and Sunshine contend that the net prices CITGO charged Sunshine were functionally or practically available to most competing purchasers, including C&M, and that C&M could have taken advantage of the lower prices but failed to do so.  C&M has the burden of proving that the net prices CITGO charged Sunshine were not functionally available to C&M. The Robinson-Patman Act does not require a single uniform pricing system; if the lower price in a dual pricing system is equally available to most purchasers, there is no violation of the Act.  In order for CITGO's net prices to Sunshine to have been functionally available to C&M, those net prices must have been known to and obtainable by most competing purchasers.

If you find that the challenged lower net prices were functionally or practically available to C&M, then you must return a verdict for CITGO on C&M's Robinson-Patman Act claim.

ABA Model Jury Instructions in Civil Antitrust Cases E-75, notes 1-3 (2005)

*FLM Collision Parts, Inc. v. Ford Motor Co.*, 543 F.2d 1019, 1025-26 (2d Cir. 1976)

*Comcoa, Inc. v. NEC Telephones, Inc.*, 931 F.2d 655 (10th Cir. 1991)

Granted          _____

Denied           _____

Modified         _____

Defendant CITGO INSTRUCTION NO. 3A

**(Competitive Injury)**

The Robinson-Patman Act is designed to protect and foster competition.  This law does not have as its purpose the protection of individual competitors.   You are instructed C&M must show the acts of CITGO may have created a reasonable possibility of a substantial lessening of competition to prevail on its claim under Section 2(a) of the Robinson-Patman Act.  You are further instructed it is not sufficient for C&M to show only loss of sales or other individual injury to C&M without also demonstrating a reasonable possibility of lessening of competition in the marketplace generally.  If you find that the rebates given to Sunshine tended to promote rather than inhibit competition, you should find there was no violation of Section 2(a) of the Robinson-Patman Act.

*Motive Parts Warehouse v. Facet Enters.*, 774 F.2d 380, 393-95 (10th Cir. 1985).

Granted        _____

Denied         _____

Modified       _____

Defendant CITGO INSTRUCTION NO. 3B

**(Competitive Injury)**

In order to find that any price discrimination that CITGO made in favor of Sunshine created a reasonable possibility that competition may be substantially lessened, or injured, destroyed, or prevented, it is not sufficient for C&M to show that it lost sales to Sunshine by reason of such discrimination. Instead you must find that C&M has proven by a preponderance of the evidence either that the price discrimination substantially tended to injure, destroy or prevent the vigor or health of the contest for business, regardless of which competitor wins or loses, or the reasonable possibility that overall output of CITGO brand gasoline would be reduced or that prices at the pump to ultimate consumers of gasoline would be increased.

*Richard Short Oil Co. v. Texaco, Inc.*, 799 F.2d 415, 420 (8th Cir. 1986).

*Bob Nicholson Appliance, Inc. v. Maytag Co.*, 883 F. Supp. 321 (S.D. Ind. 1994).

Granted         _____

Denied          _____

Modified        _____

Defendant CITGO INSTRUCTION NO. 4

## (Competitive Injury – *Morton Salt* Inference)
(To be given with either 3A or 3B above)

In order to find that any price discrimination that CITGO made in favor of Sunshine had the necessary effect on competition, you may but are not required to infer the existence of such effect if you find that the price discrimination was a substantial one that lasted over a significant period of time.

If you find that the price discrimination was a substantial one that lasted over a significant period, you must then determine whether the inference of competitive injury has been rebutted by evidence that either there was no reasonable possibility of substantial competitive injury from the discrimination, or that the discrimination tended to promote competition in the overall market.

*FTC v. Morton Salt Co.*, 334 U.S. 37 (1948).

*Falls City Indus., Inc. v. Vanco Beverage, Inc.,* 460 U.S. 428, 435 (1983).

*Boise Cascade Corp. v. Federal Trade Commission,* 837 F.2d 1127, 1144 (D.C. Cir. 1988).

*Richard Short Oil,* 799 F.2d at 421.

Granted          _____

Denied           _____

Modified        _____

Defendant SUNSHINE INSTRUCTION NO. 1

**(Buyer Liability – Robinson-Patman Act, § 2(f))**

C&M claims that Sunshine violated Section 2(f) of the Robinson-Patman Act by knowingly inducing or receiving an unlawful price discrimination. To win on this claim, C&M must first prove by a preponderance of the evidence that CITGO engaged in unlawful price discrimination under the instructions I have already given you.

If you find against C&M on its price discrimination claim against CITGO, you must also find against C&M and in favor of Sunshine. If, however, you find in favor of C&M on its claim against CITGO, C&M must also prove by the preponderance of the evidence that Sunshine knowingly induced or received prices from CITGO that Sunshine knew were illegal.

It is not enough to find that Sunshine knew it was receiving discriminatory prices or even that it knew the prices it received were lower than any prices offered by a competitor of CITGO. C&M must prove that the price discrimination itself was unlawful and that Sunshine knew or should have known that it was unlawful. Plaintiff may prove Sunshine's knowledge that the price discrimination was unlawful through evidence of Sunshine's expertise and trade experience from which its knowledge can be inferred.

If you find that C&M failed to prove knowing inducement, then you must find that Sunshine did not violate the Robinson-Patman Act and return a verdict for Sunshine on this claim. If, however, you find that Sunshine knew that it was inducing or receiving an unlawful price, then you must find in favor of C&M on this element of its Robinson-Patman Act claim against Sunshine.

ABA Model Jury Instructions in Civil Antitrust Cases E-42, notes 1, 2; E-63, notes 1-3 (2005)

Granted        _____

Denied         _____

Modified       _____

Defendant CITGO INSTRUCTION NO. 5

## (Meeting Competition Defense)

Defendants have raised the "meeting competition" defense.  If you find that C&M has proven by a preponderance of the evidence that CITGO discriminated in price between C&M and Sunshine, that such discrimination had the requisite adverse effect on competition and that Sunshine was the knowing recipient of the benefit of such discrimination, then you must determine whether CITGO discriminated in price between C&M and Sunshine in order to meet competition.  It is a complete defense to otherwise prohibited price discrimination if the seller - - here CITGO - - charged Sunshine a lower price in good faith to meet an equally low price of a competitor.

In order to establish this "meeting competition" defense, the defendants have the burden of proving by a preponderance of the evidence that CITGO offered the lower price to Sunshine in good faith to meet an equally low price offered by one of CITGO's competitors, such as Texaco, Shell, Exxon, etc., for Sunshine's business.  To establish this defense, it is not necessary that the defendants show the existence of a specific low-price offer from one of CITGO's competitors to Sunshine, nor does CITGO need to show that in fact it did meet a competitive price.  Instead the defendants need only show that the price CITGO charged to Sunshine was made in good faith to meet a competitor's price, or that the facts available to CITGO at the time it charged Sunshine a lower price would lead a reasonable and prudent person to believe that the granting of a lower price would meet the equally low price of a competitor.  If CITGO did not have knowledge of the competitor's price, CITGO was entitled to act on the information available to it on good faith investigation.

15 U.S.C. § 13(b).

*Rose Confections, Inc. v. Ambrosia Chocolate Co.*, 816 F.2d 381, 390 (8th Cir. 1987).

*FTC v. A.E. Staley Mfg. Co.,* 324 U.S. 746, 759-60 (1945).

Granted         _____

Denied          _____

Modified        _____

Defendant CITGO INSTRUCTION NO. 6

**(Injury in Fact)**

If you find from a preponderance of the evidence that CITGO engaged in price discrimination that adversely affected competition in the marketplace, and that the defendants have not proven by a preponderance of the evidence that CITGO did so in good faith to meet competition, you must then determine whether plaintiff C&M has proven by a preponderance of the evidence that it was in fact injured by the alleged price discrimination, for example by establishing that it lost profits or lost sales due to the alleged price discrimination.

*Chrysler Credit Corp. v. J. Truett Payne Co.*, 670 F.2d 575, 581-82 (5th Cir. 1982).

Granted        _____

Denied         _____

Modified       _____

Defendant CITGO INSTRUCTION NO. 7

## (Causation)

If you find from a preponderance of the evidence that CITGO engaged in a price discrimination that adversely affected competition in the marketplace and caused injury to C&M, and that the defendants have not proven by a preponderance of the evidence that the price discrimination was a good faith attempt to meet competition, then you must determine whether some or all of C&M's injury was a result of that price discrimination.

C&M must offer evidence that establishes with a fair degree of certainty that the alleged price discrimination was a material cause of C&M's injury. This means that C&M must prove that some damage occurred to it as a result of the price discrimination, and not some other cause. In making this determination, you should consider the extent to which any injury to C&M was caused by factors unrelated to the price discrimination, such as those attributable to C&M's own acts or omissions or the normal operation of market factors. If you find that C&M's injury was caused primarily by something other than the alleged price discrimination, then you must find that C&M has failed to prove that it is entitled to recover damages from the defendants.

*Alan's of Atlanta, Inc. v. Minolta Corp.,* 903 F.2d 1414, 1427 (11th Cir. 1990).

*Richard Short Oil,* 799 F.2d 415 at 421.

ABA Model Jury Instructions in Civil Antitrust Cases F-2 to F-5 (2005) (Causation and Damages)

Granted          _____

Denied           _____

Modified        _____

19

Defendant CITGO INSTRUCTION NO. 8

**(Damages)**

If you find from a preponderance of the evidence that C&M sustained injury caused in material and substantial part by any unlawful price discrimination, then you must determine the dollar amount of any such injury or loss sustained by C&M due to the price discrimination.  To calculate such loss, you must calculate the net profit that was lost: the amount by which C&M's gross revenues would have exceeded all of the costs and expenses that would have been necessary to produce those revenues.

Damages may not be based on guesswork or speculation.  If you find that a damages calculation cannot be based on evidence, reasonable inferences and non-speculative estimates, and instead can only be reached through guesswork or speculation, then you may not award damages.  If the amount of damages attributable to an antitrust violation cannot be separated from the amount of harm caused by factors other than the antitrust violation except through guesswork or speculation, then you may not award damages.


ABA Model Jury Instructions in Civil Antitrust Cases F-27 (2005) (Damages)

ABA Model Jury Instructions in Civil Antitrust Cases F-15 (2005) (No speculation)



Granted        _____

Denied         _____

Modified       _____

DEFENDANTS' INSTRUCTION NO. 2

**(Damages Period)**

The antitrust laws do not permit recovery of damages for any injuries sustained by C&M prior to November 16, 2000.

If you find that C&M suffered injuries spanning both before and after November 16, 2000, then you must apportion the damages between the two periods and you may award damages only for the portion of the injuries suffered after November 16, 2000. If you find that you cannot apportion the damages between the two periods, or that such apportionment can only be accomplished through guesswork or speculation, then you may not award damages at all.

In addition, you may not award damages attributable to any period after the date on which C&M sold its business assets and its principals contractually obligated themselves not to sell CITGO brand gasoline.

ABA Model Jury Instructions in Civil Antitrust Cases G-2 (2005)

*Sun Ins. Mktg. Network, Inc. v. AIG Life Ins. Co.,* 254 F. Supp.2d 1239, 1247 n.1 (M.D. Fla. 2003)

Granted        _____

Denied         _____

Modified       _____

DEFENDANTS' INSTRUCTION NO. 3

**(Seller Liability Under Fla. Stat. § 526.305(a) – Price Discrimination)**

C&M has also brought claims against CITGO and Sunshine for price discrimination under the Florida Motor Fuels Marketing Practices Act.  The first issue for your consideration is whether CITGO engaged in unlawful price discrimination under the Florida statute.  To win on this claim, C&M must prove each of the following elements by the preponderance of the evidence.

**First,** that prices CITGO charged Sunshine for CITGO brand motor fuel were lower than the prices charged to C&M;

**Second,** that Sunshine and C&M were on the same level of distribution, in the same class of trade, and in the same relevant geographic market;

**Third,** the effect of the different prices injured competition; and

**Fourth,** the unlawful difference in rebates caused damage to C&M.

If the preponderance of the evidence does not support each element of C&M's claim then your verdict should be for CITGO and Sunshine, and you will not consider the matter of damages.  If, however, the preponderance of the evidence supports each element, then you should award C&M an amount of money that the preponderance of the evidence shows will fairly and adequately compensate C&M for such damages as was caused by the price discrimination.

Florida Standard Jury Instructions M7.1; ABA Model Jury Instructions in Civil Antitrust Cases B-13 (2005)

Granted       _____

Denied        _____

Modified _____

Defendant SUNSHINE INSTRUCTION NO. 2

**(Buyer Liability Under Fla. Stat. § 526.305 – Price Discrimination)**

If you find that C&M has not proved each element of its Motor Fuel Marketing Practices Act price discrimination claim against CITGO, you need not consider its claim against Sunshine under the Act.

If, however, you find that C&M has proved all the elements of its claim against CITGO, the next issue for your consideration is whether Sunshine knowingly induced or received from CITGO unlawful prices for CITGO brand motor fuel.  As I have instructed you previously, in order for C&M to win its claim against Sunshine, as a knowing buyer, C&M must prove by a preponderance of the evidence that Sunshine knowingly induced or received prices from CITGO that Sushine knew were illegal.

It is not enough to find that Sunshine knew it was receiving a discriminatory price or even that it knew the price it received was lower than any price offered by a competitor of CITGO.  C&M must prove that the price discrimination itself was unlawful and that Sunshine knew or should have known that it was unlawful.  C&M may prove Sunshine's knowledge that the price discrimination was unlawful through evidence of Sunshine's expertise and trade experience from which its knowledge can be inferred.

If you find that Sunshine knew that it was inducing or receiving an unlawful price, then you must find that C&M has established this element of its Robinson-Patman Act claim against Sunshine.  If you find that C&M failed to prove knowing inducement, then you must find that Sunshine did not violate the Robinson-Patman Act and return a verdict for Sunshine on this claim.

ABA Model Jury Instructions in Civil Antitrust Cases E-42, notes 1, 2; E-63, notes 1-3 (2005)

Granted          _____

Denied           _____

Modified         _____

DEFENDANTS' INSTRUCTION NO. 4

**(Discriminatory Rebates Under Fla. Stat. § 526.308)**

C&M has also asserted a claim against CTIGO for offering or giving Sunshine rebates on CITGO's sales of CITGO brand motor fuel which CITGO did not offer or give to C&M on proportionately equal terms. To recover on this claim, C&M must prove each of the following elements by a preponderance of the evidence.

**First,** that CITGO offered or gave Sunshine rebates on the CITGO branded motor fuel that CITGO sold to Sunshine for Sunshine's resale in the relevant market;

**Second,** that CITGO did not offer to give C&M the same rebates that it gave to Sunshine or the equivalent of those rebates on proportionately equal terms; and

**Third,** that the effect of discriminatory rebates injured competition; and

**Fourth,** that the difference in rebates caused damages to C&M.

If the preponderance of the evidence does not support each element of C&M's claim then your verdict should be for CITGO. If, however, the preponderance of the evidence supports each and every element, then your verdict should be in favor of C&M.

If you find for CITGO, you will not consider the matter of damages. But, if you find for C&M, you should award C&M an amount of money that the preponderance of the evidence shows will fairly and adequately compensate C&M for such damages as was caused by the unlawful rebates. Such unlawful rebates are the cause of damage if they directly and in a natural continuous sequence produce or contribute substantially to producing the damage.

Florida Standard Jury Instructions MI 7.1; ABA Model Jury Instructions in Civil Antitrust Cases B-13 (2005)

Granted          _____

Denied          _____

Modified        _____

Defendant CITGO INSTRUCTION NO. 9

## (Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)

Plaintiff C&M Oil Company has alleged that defendant CITGO breached the implied covenant of good faith and fair dealing in the parties' contract by refusing to review in good faith C&M's requests to brand additional CITGO locations, by rejecting an objectively better station proposed by C&M in favor of an inferior station to be supplied by defendant Sunshine, and by failing to supply gasoline to C&M at "true distributor prices." Every contract includes an implied covenant that the parties will perform in good faith. This implied covenant, however, does not alter or override the express terms of the contract, and it is not an independent term of the contract that may be breached in and of itself. Thus, any breach of the duty of good faith and fair dealing must relate to a failure to perform an express term of the contract. The duty of good faith and fair dealing does not require one party to the contract to subordinate its own interests to the interests of the other contracting party. Good faith simply means honesty, in fact, in the conduct of contractual relations. Where a party has in good faith performed all of its obligations expressed in the contract, there can be no breach of the implied covenant of good faith and fair dealing.

Thus, in order to establish that CITGO breached the covenant of good faith and fair dealing implied in the parties' contract, C&M must prove by a preponderance of the evidence that CITGO failed to perform an express term of the contract, that CITGO unfairly interfered with C&M's right to receive the benefits of the contract, and that C&M was harmed by CITGO's conduct.

*Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999) (applying Florida law).

*Hosp. Corp. of Am. v. Fla. Med. Ctr.*, 710 So.2d 573, 575 (Fla. Dist. Ct. App. 1998).

*Harrison Land Dev., Inc. v. R & H Holding Co.*, 518 So.2d 353, 355 (Fla. Dist. Ct. App. 1988).


Granted          _____

Denied           _____

Modified         _____

Defendant CITGO INSTRUCTION NO. 10

## (Damages)

If you find that C&M has proven by a preponderance of the evidence that CITGO breached the covenant of good faith and fair dealing implied in the parties' contract – that is, that CITGO failed to perform an express term of the contract, that CITGO unfairly interfered with C&M's right to receive the benefits of the contract, and that C&M was harmed by CITGO's conduct, then you must determine the dollar amount of any such injury or loss sustained by such breach.

Damages may not be based on guesswork or speculation. If you find that a damages calculation cannot be based on evidence, reasonable inferences and non-speculative estimates, and instead can only be reached through guesswork or speculation, then you may not award damages. If the amount of damages attributable to the breach of the implied covenant of good faith and fair dealing cannot be separated from the amount of harm caused by factors other than that breach except through guesswork or speculation, then you may not award damages.

ABA Model Jury Instructions in Civil Antitrust Cases F-27 (2005) (Damages)

ABA Model Jury Instructions in Civil Antitrust Cases F-15 (2005) (No speculation)

Granted          _____

Denied           _____

Modified         _____

DEFENDANTS' INSTRUCTION NO. 5

**(Tortious Interference – Perez Certified Auto Contract)**

The next claim for your consideration is whether CITGO and Sunshine improperly interfered with C&M's contract with Perez Certified Auto and did so intentionally; and if so, whether that interference caused damage to C&M. A person interferes with a contract between two other persons if that person causes one of the other persons to breach or refuse to honor the contract. To win on this claim, C&M must prove each of the following elements by a preponderance of the evidence.

**First,** that CITGO and Sunshine knew of the existence of a contract between C&M and Perez Certified Auto;

**Second,** that CITGO and Sunshine intentionally acted in a way that induced Perez Certified Auto to breach its contract with C&M; and

**Third,** that neither CITGO's nor Sunshine's actions were justified; and

**Fourth,** that C&M was damaged as a result of the intentional and unjustifiable interference by Sunshine and CITGO.

A person who interferes with the contract of another with the motive and purpose, at least in part, to advance its own business interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and its interference is improper. So also, a person who interferes with another's contract using ordinary business methods of competition does not interfere by an improper method. But one who uses illegal conduct has no privilege to use those methods, and his or her interference using such methods is improper.

31

If the preponderance of the evidence does not support each element of C&M's claim then your verdict should be for CITGO and Sunshine and you will not consider the matter of damages. If, however, the preponderance of the evidence supports each element, then you should award C&M an amount of money that the preponderance of the evidence shows will fairly and adequately compensate C&M for such damages as was caused by the intentional interference. Unlawful interference is the cause of damage if it directly and in a natural continuous sequence produces or contributes substantially to producing the damage.

Florida Standard Jury Instructions M7.1; ABA Model Jury Instructions in Civil Antitrust Cases B-13 (2005 ed.)

Granted         _____

Denied          _____

Modified        _____

DEFENDANTS' INSTRUCTION NO. 6

**(Conspiracy to Tortiously Interfere – Perez Certified Auto Contract)**

The next claim for your consideration is whether CITGO and Sunshine entered into a conspiracy to illegally interfere with the contract between C&M and Perez Certified Auto. I have already instructed you on the elements C&M must prove on its claim against CITGO and Sunshine for unlawfully interfering with the Perez Certified Auto contract. If you find against C&M and in favor of CITGO and Sunshine on that claim, then you do not need to determine anything else and your verdict must be in favor of CITGO and Sunshine on C&M's conspiracy to interfere claim. If, however, you find in favor of C&M and against CITGO and Sunshine on C&M's unlawful interference claim, you then must decide whether CITGO and Sunshine conspired to unlawfully interfere with the Perez Certified Auto Contract.

To win on its conspiracy claim, C&M must prove by a preponderance of the evidence that CITGO and Sunshine knowingly and intentionally entered into a common plan or scheme to unlawfully interfere with C&M's contract with Perez Certified Auto.

ABA Model Jury Instructions in Civil Antitrust Cases B-13 (2005)

Granted          _____

Denied           _____

Modified         _____

33

Defendant SUNSHINE INSTRUCTION NO. 3

### (Tortious Interference – CITGO Contract)

The next claim for your consideration is whether Sunshine unlawfully interfered with C&M's contract with CITGO.  To win on this claim, C&M must prove each of the following elements by a preponderance of the evidence.

**First,** that Sunshine knew of the existence of a contract between C&M and CITGO;

**Second,** that Sunshine intentionally acted in a way to induce CITGO to breach its contract with C&M;

**Third,** that Sunshine's actions were not justified; and

**Fourth,** that C&M was damaged as a result of the intentional and unjustifiable interference by Sunshine and CITGO.

A person who interferes with the contract of another with the motive and purpose, at least in part, to advance its own business interests, does not interfere with an improper motive.  But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and its interference is improper.So also, a person who interferes with another's contract using ordinary business methods of competition does not interfere by an improper method.  But one who uses illegal conduct has no privilege to use those methods, and his or her interference using such methods is improper.

If the preponderance of the evidence does not support each element of C&M's claim then your verdict should be for Sunshine.  If you find in favor of Sunshine, you will not consider the matter of damages.  If, however, the preponderance of the evidence supports each element of the claim, then you should award C&M an amount of money that the preponderance of the evidence shows will fairly and adequately compensate C&M for such damages as was caused by the

unlawful interference.  Unlawful interference is the cause of damage if it directly and in a natural continuous sequence produces or contributes substantially to producing the damage.

Florida Standard Jury Instructions M7.1, M7.2

ABA Model Jury Instructions in Civil Antitrust Cases B-13 (2005 ed.)

*Chipley v. Atkinson*, 23 Fla. 206, 1 So. 934 (Fla. 1887)


Granted             _____

Denied              _____

Modified            _____

DEFENDANTS' INSTRUCTION NO. 7

**(Punitive Damages – Non-Bifurcated Procedure)**

*Punitive damages* generally:

If you find for C&M and against CITGO or Sunshine on C&M's claims of tortious interference, you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find by clear and convincing evidence that CITGO or Sunshine were personally guilty of intentional misconduct. "Intentional misconduct" means that (name person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to (claimant) would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. You should consider the following:

36

(1)    the nature, extent and degree of misconduct and the related circumstances, including the following:

- whether the wrongful conduct was motivated solely by unreasonable financial gain;

- whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by CITGO or Sunshine;

- whether, at the time of damage CITGO or Sunshine had a specific intent to harm C&M and the conduct of CITGO and Sunshine did in fact harm C&M.

(2)    defendant's financial resources

However, you may not award an amount that would financially destroy CITGO or Sunshine.

Any punitive damages you assess would be in addition to any compensatory damages you award. You may in your discretion decline to assess punitive damages. You may assess punitive damages against one defendant and not the other or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.

Florida Standard Jury Instructions, P2

Granted        _____

Denied        _____

Modified        _____

GENERAL INSTRUCTION NO. 6

**Duty To Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Granted        _____

Denied         _____

Modified       _____

38

GENERAL INSTRUCTION NO. 7

**Election of Foreperson**
**Explanation of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.


Granted          _____

Denied           _____

Modified         _____

Respectfully submitted,

By /S/_____
Juan J. Rodriguez
Florida Bar No. 613843
CAREY RODRIGUEZ GREENBERG & PAUL LLP
2333 Ponce de Leon Blvd., Suite 303
Coral Gables, FL 33134
Phone:   (786) 552-7700
Fax:      (786) 552-6777
Email:   jrodriguez@crgplaw.com

-and-

David M. Stahl
Scott C. Solberg
Ryan S. Hedges
EIMER STAHL KLEVORN & SOLBERG LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Phone:   (312) 660-7600
Fax:      (312) 693-1718
Email: rhedges@eimerstahl.com

Attorneys for Defendant
**CITGO PETROLEUM CORPORATION**

AND

Geoffrey B. Schwartz
Florida Bar No. 308919
Mary K. Simpson
Florida Bar No. 516848
GUILDAY, TUCKER, SCHWARTZ & SIMPSON, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL 32308
Phone:       (850) 224-7091
Fax:          (850) 681-6699
E-mail:      geoff@guildaylaw.com

Attorneys for Defendant
**SUNSHINE GASOLINE DISTRIBUTORS, INC.**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of this **DEFENDANTS'
PROPOSED JURY INSTRUCTIONS** was sent via U.S. Mail on February 15, 2007 to the
following addressees:

COUNSEL FOR PLAINTIFF C&M OIL COMPANY
  William Xanttopoulos, P.A.
  9350 South Dixie Highway, 10th Floor
  Miami, Florida 33156
  Phone: (305) 670-3076
  Fax:  (305) 670-3097

  Scott E. Perwin
  Kenny Nachwalter, P.A.
  1100 Miami Center
  201 South Biscayne Boulevard
  Miami, Florida 33131
  Phone: (305) 373-1000
  Fax:  (305) 372-1861

COUNSEL FOR DEFENDANT SUNSHINE GASOLINE DISTRIBUTORS, INC.
  Geoffrey Schwartz
  Guilday, Tucker, Schwartz & Simpson, P.A.
  1983 Centre Pointe Boulevard, Suite 200
  Tallahassee, Florida 32308
  Phone: (850) 224-7091
  Fax:  (850) 222-2593

       /S/
       Juan J. Rodriguez
       One of the Attorneys for Defendant
       CITGO Petroleum Corporation